UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

04 11905 RCL

BEDAT & CO., LLC,

MAGISTRATE JUDGE _____

Plaintiff,

v.   Case No.:

REPLICADISCOUNT.ORG, QUALITY
BARGAINS, INC., THOMAS COLUCCI AND
VARIOUS JOHN DOES,

Defendants.

RECEIPT #_____
AMOUNT $_____
SUMMONS ISSUED_____
LOCAL RULE 4.1_____
WAIVER FORM_____
MCF ISSUED_____
BY DPTY. CLK._____
DATE_____

## COMPLAINT

Plaintiff Bedat & Co., LLC ("Bedat"), complaining of Defendants Replica-discount.org, Quality Bargains, Inc., Thomas Colucci and various John Does (collectively "Defendants") alleges as follows:

### STATEMENT OF THE CASE

1. This is an action for injunctive relief and profits under the Lanham Act based on Defendants' sale and offering for sale counterfeit Bedat products.

### JURISDICTION AND VENUE

2. This claim arises under the Trademark Act of 1946, 15 U.S.C. § 1051, *et seq.*, particularly under 15 U.S.C. § 1114(1). This Court has subject matter jurisdiction over the claims in this action, which relate to trademark counterfeiting and infringement, dilution and false designations of origin and false descriptions pursuant to the provisions of 28 U.S.C. §§ 1331 and 1338 and 15 U.S.C. § 1121.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1392(a).

-2-

## **THE PARTIES**

4. Plaintiff Bedat & Co, LLC ("Bedat") is a corporation organized and existing under the laws of Delaware, with its principal place of business in San Francisco, California, and is the sole and exclusive distributor in the United States of items bearing the Bedat trademarks on men's and women's watches.

5. Defendant Replicadiscount.org is a business/website organized and existing under the laws of New York, with its principal place of business in Massapequa Park, Nassau County, New York.

6. Defendant Thomas Colucci is an individual residing at 28 Block Road Boulevard, Massapequa Park, Nassau County, New York.

7. Defendant Quality Bargains, Inc., is a corporation with a principal place of business located at 28 Block Road Boulevard, Massapequa Park, Nassau County, New York.

8. Defendants John Doe(s) are unidentified individuals, and/or corporations, with presently unknown identifications.

9. Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto, Defendants are and have been doing business in this judicial district and the Commonwealth of Massachusetts, and have distributed and/or are distributing merchandise wrongfully bearing counterfeits of Plaintiff's trademarks. Defendants are advertising, distributing, offering for sale, and selling products wrongfully bearing counterfeits of Plaintiff's trademarks to persons located within this judicial district.

10. Upon information and belief, due to the nature of the Defendants and their business practices, the identity of the various John Does is not presently known and the Complaint herein will be amended, if appropriate, to include the name or names of said individuals when such information becomes available.

## PLAINTIFF'S TRADEMARKS

11. Bedat & Co., LLC owns the trademarks and trade name "Bedat & Co." and related trademarks (hereinafter collectively referred to as the "Bedat Trademarks"). Bedat markets high-quality watches bearing the Bedat Trademarks and Bedat is the exclusive distributor in the United States of Bedat watches, all of which bear one or more of the Bedat Trademarks.

12. The trademarks owned by Bedat are world-renowned and signify to customers the identity and quality of the product. The Bedat Trademarks are used extensively in advertising and contribute to the company's overall success in the marketplace.

13. Commencing at least as early as 1996, Bedat adopted one or more of the Bedat Trademarks for men's and women's watches and caused said trademarks to be registered in the United States Patent and Trademark Office.

14. Bedat & Co. is the owner of all rights in numerous Bedat Trademarks including, but not limited to, the Bedat Trademarks that are the subject of the following trademark registrations, for both word marks and design:

| Mark | Registration/Serial No. | Date of Registration |
|---|---|---|
| BEDAT & CO GENEVE | 75,336,546 | 09/21/99 |
| SWISS A.O.S.C. | 75,330,998 | 03/23/99 |

15. The Bedat Trademark registrations are in full force and effect; and the Trademarks thereof and the goodwill of Plaintiff's businesses in connection with which the trademarks are used have never been abandoned. Plaintiff intends to continue to preserve and maintain its rights with respect to the Bedat Trademarks.

16. Plaintiff's services and products utilizing and/or bearing one or more of the Bedat Trademarks, by reason of their style, distinctive designs and quality have come to be known by the purchasing public throughout the United States as being of the highest quality.

As a result thereof, the Bedat Trademarks and the goodwill associated therewith are of inestimable value to Plaintiff.

17. The Bedat watches are world famous timepieces, and have been widely featured in the world press, including but not limited to, the following publications: New York Times, Vogue, Time, Harper's Bazaar, Vanity Fair, Forbes, and Esquire.

18. Based on the extensive sales of Plaintiff's products and their wide popularity, the Bedat Trademarks have developed a secondary meaning and significance in the minds of the purchasing public, and the services and products utilizing and/or bearing such marks and names are immediately identified by the purchasing public with Plaintiff.

19. The Bedat Trademarks are vital to Plaintiff and Plaintiff will suffer irreparable harm if any third parties, including Defendants herein, are allowed to continue engaging in services and selling infringing goods utilizing and/or bearing identical or substantially similar trademarks.

## DEFENDANTS' INFRINGING ACTIVITIES

20. Defendants have infringed and threaten to further infringe Plaintiff's Bedat Trademarks by advertising, distributing, selling and/or offering for sale unauthorized merchandise, including men's and women's watches. A copy of the pertinent portions of Defendant's website is attached hereto as Exhibit A.

21. Long after Plaintiff's adoption and use of its Bedat Trademarks on men's and women's watches, and long after Plaintiff's federal registration of its trademarks, Defendants commenced the distribution, advertisement, offer for sale, and/or sale of men's and women's watches bearing counterfeits and infringements of the Bedat Trademarks as those trademarks appear on Plaintiff's products.

22. Defendants are distributing, offering for sale, and selling their unauthorized products to numerous buyers throughout the United States, including buyers located within the Commonwealth of Massachusetts. Defendants have obtained substantial revenue from the sale of counterfeit products to parties in the Commonwealth of Massachusetts.

-4-

23. Upon information and belief, the Defendants' activities complained of herein constitute willful and intentional infringement of the Bedat Trademarks; are in total disregard of the Plaintiff's rights; and were commenced and have continued in spite of Defendants' knowledge that the use of any of the Bedat Trademarks, or a copy or colorable imitation thereof, was and is in direct contravention of Plaintiff's rights.

24. The use by Defendants of unauthorized copies of the Bedat Trademarks has been without Plaintiff's consent, is likely to cause confusion and mistake in the minds of the purchasing public and, in particular, tends to and does falsely create the impression that the goods sold by Defendants are authorized, sponsored, or approved by Plaintiff when, in fact, they are not.

## **FIRST CLAIM FOR RELIEF**

**(Trademark Counterfeiting)**

**[15 U.S.C. § 1114]**

25. Plaintiff incorporates all prior allegations as if set forth fully herein.

26. Defendants have used spurious designations that are identical with, or substantially indistinguishable from, the Bedat Trademarks on goods covered by registrations for these trademarks.

27. Defendants have intentionally and willfully used these spurious designations knowing they are counterfeit in connection with the advertising, sale, offering for sale and distribution of goods for their own personal financial gain, and such intentional and willful conduct by the Defendants makes this an exceptional case.

28. Defendants' use of the Bedat Trademarks to advertise, offer for sale, sell and distribute Defendants' counterfeit products was and is without the consent of Plaintiff.

29. Defendants' unauthorized use of the Plaintiff's Trademarks on and in connection with the advertising and sale of counterfeit goods constitutes Defendants' use of Plaintiff's registered Bedat Trademarks in commerce.

30. Defendants' unauthorized use of the Plaintiff's Trademarks as set forth above is likely to:

    (a) cause confusion, mistake and deception;

    (b) cause the public to believe that Defendants' counterfeit products are authorized, sponsored or approved by Plaintiff or that Defendants are affiliated, connected or associated with or in some way related to Plaintiff;

    (c) result in Defendants unfairly benefiting from Plaintiff's goodwill and reputation, to the substantial and irreparable injury of the public, Plaintiff and Plaintiff's Trademarks and the substantial goodwill represented thereby.

31. Defendants' acts as aforesaid constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

32. Plaintiff has no adequate remedy at law and has suffered and continues to suffer irreparable harm and damage as a result of Defendants' acts as aforesaid in an amount not thus far determined.

33. Defendants' wrongful acts of counterfeiting will continue unless enjoined by this Court.

## SECOND CLAIM FOR RELIEF

**(Trademark Infringement)**

**[15 U.S.C. § 1114]**

34. Plaintiff incorporates all prior allegations as if set forth fully herein.

35. Plaintiff's registered Bedat Trademarks are fanciful and arbitrary and are associated in the mind of the public with Plaintiff.

36. Based on Plaintiff's extensive advertising, sales, and the wide popularity of Plaintiff's products, the Bedat Trademarks have acquired secondary meaning so that any product and advertisement bearing such trademarks is immediately associated by purchasers and the public as being a product of and affiliated with Plaintiff.

37. Defendants use the Bedat Trademarks in connection with Defendants' sale, distribution and advertising of their counterfeit goods.

38. Defendants' activities as set forth herein constitute Defendants' use in commerce of the Bedat Trademarks.

39. Defendants have used Plaintiff's registered Bedat Trademarks without Plaintiff's consent or authorization. Defendants' use, including the sale and distribution of infringing products in interstate commerce, is likely to cause confusion and mistake in the minds of the public, leading the public to believe that Defendants' products emanate or originate from Plaintiff, or that Plaintiff has approved, sponsored or otherwise associated itself with Defendants, which is untrue.

40. Defendants have intentionally used the Bedat Trademarks knowing they are the exclusive property of Plaintiff in connection with the offering for sale, sale and distribution of counterfeit goods.

41. Defendants' conduct is intended to exploit the goodwill and reputation associated with Plaintiff's registered Bedat Trademarks.

42. Plaintiff has no control over the quality of Defendants' counterfeit merchandise. Because of the very real likelihood of confusion as to the source of Defendants' products, Plaintiff's reputation and valuable goodwill in its trademarks are severely harmed by Defendants' unscrupulous tactics.

43. Defendants' activities as aforesaid create the false and misleading impression that Defendants are permitted, assigned or authorized by Plaintiff to use Plaintiff's Trademarks to advertise, manufacture, distribute, offer for sale or sell counterfeit products bearing the Bedat Trademarks when Defendants are not so authorized.

44. Defendants engage in the aforementioned activity with the intent to confuse and deceive consumers into believing that Defendants and the goods they sell are in some way sponsored by, affiliated or associated with Plaintiff when the Defendants are not.

45. Defendants' unauthorized use of the Bedat Trademarks as set forth above has resulted in Defendants unfairly benefiting from Plaintiff's advertising and promotion, and profiting from Plaintiff's reputation and its registered Bedat Trademarks, to the substantial

and irreparable injury of the public, Plaintiff, the Bedat Trademarks and the substantial goodwill represented thereby.

46. Defendants' aforesaid acts constitute trademark infringement in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

47. Defendants' acts have caused, and will continue to cause, great and irreparable injury to Plaintiff, and unless such acts are restrained by this Court, they will be continued, thereby causing Plaintiff to continue to suffer great and irreparable injury. Plaintiff has no adequate remedy at law.

48. Plaintiff is informed and believes and thereupon alleges that Defendants' infringement is both intentional and willful.

49. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined.

## THIRD CLAIM FOR RELIEF

**(False Designations of Origin, False Descriptions and Representations)**

**[15 U.S.C. § 1125(a)]**

50. Plaintiff incorporates all prior allegations as if set forth fully herein.

51. Defendants have, in connection with their goods, used in commerce, and continue to use in commerce, Plaintiff's Bedat Trademarks.

52. Defendants have affixed, applied and used in connection with their sale of goods, false designations of origin and false and misleading descriptions and representations, including the Bedat Trademarks, which tend falsely to describe the origin, sponsorship, association or approval by Plaintiff of the goods sold by the Defendants.

53. Defendants use one or more of the Bedat Trademarks with full knowledge of the falsity of such designations of origin, descriptions and representations, all to the detriment of Plaintiff.


54. Defendants' use of the Bedat Trademarks on the counterfeit goods constitute false descriptions and representations tending to falsely describe or represent Defendants and Defendants' products as being authorized, sponsored, affiliated or associated with Plaintiff.

55. Defendants use one or more of the Bedat Trademarks on counterfeit goods with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the high quality reputation of Plaintiff and to improperly appropriate to themselves the valuable trademark rights of Plaintiff.

56. Defendants' aforesaid acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent Defendants' products as those of Plaintiff in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57. Defendants' wrongful acts will continue unless enjoined by this Court.

58. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined.

## FOURTH CLAIM FOR RELIEF

### (Federal Trademark Dilution)

### [15 U.S.C. §1125 (c)]

59. Plaintiff incorporates all prior allegations as if set forth fully herein.

60. Plaintiff is the exclusive owner of the trademark rights herein.

61. Defendants' use of the Bedat Trademarks on the counterfeit products they sell constitutes Defendants' commercial use in commerce of the Bedat Trademarks.

62. These marks have been used for years and are so globally recognized and associated with Plaintiff that they are entitled to be recognized as famous and distinctive under 15 U.S.C. § 1125(c).

63. Plaintiff's Bedat Trademarks have come to have a secondary meaning indicative of origin, relationship, sponsorship and/or association with the Plaintiff and its distinctive reputation for high quality. The purchasing public is likely to attribute

Defendants' use of the Bedat Trademarks to Plaintiff as a source of origin, authorization and/or sponsorship for the products Defendants sell, and further, purchase Defendants' products in the erroneous belief that Defendants are associated with, sponsored by or affiliated with Plaintiff, when Defendants are not.

64. Plaintiff has not authorized or licensed the use of these Trademarks to Defendants.

65. Defendants' unauthorized use of the Bedat Trademarks in their marketing, sale and distribution of counterfeit products is diluting the distinctive quality of the Bedat Trademarks and the goodwill associated with them in violation of Section 43(c) of the Lanham Act, 15 U.S.C § 1125(c).

66. Such conduct has injured Plaintiff and said injury will continue unless the Court enjoins Defendants from committing further wrongful acts.

67. Upon information and belief, Defendants intentionally and willfully utilize Plaintiff's Bedat Trademarks and trade on Plaintiff's reputation and goodwill.

68. If such use on the part of the Defendants continues, Plaintiff will suffer irreparable harm of a continuing nature for which there is no adequate remedy at law.

69. Plaintiff has no adequate remedy at law and is suffering irreparable harm and damage as a result of the aforesaid acts of Defendants in an amount thus far not determined.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendants as follows:

1. That a preliminary and permanent injunction be issued enjoining and restraining Defendants and their officers, agents, servants, employees and attorneys and all those in active concert or participation with them, from:

>   A. Using any reproduction, counterfeit, copy or colorable imitation of the Bedat Trademarks to identify any goods or the rendering of any services not authorized by Plaintiff;

B. Engaging in any course of conduct likely to cause confusion, deception or mistake, or to injure Plaintiff's business reputation or dilute the distinctive quality of Plaintiff's name and Plaintiff's Bedat Trademarks;

C. Using a false description or representation including words or other symbols tending to falsely describe or represent Defendants' unauthorized goods as being those of Plaintiff or sponsored by or associated with Plaintiff and from offering such goods into commerce;

D. Further infringing Plaintiff's trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Plaintiff bearing any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's Bedat Trademarks;

E. Using any simulation, reproduction, counterfeit, copy or colorable imitation of Plaintiff's trademarks in connection with the rental, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored or approved by, or connected with Plaintiff;

F. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public; or individual members thereof, to believe that any products manufactured, distributed, sold or marketed by Defendants is in any manner associated or connected with Plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

G. Causing an infringement of any of Plaintiff's Bedat Trademarks or of Plaintiff's rights in, or to use or to exploit, said Trademarks, or causing any dilution of Plaintiff's name, reputation or goodwill;

H. Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the Bedat Trademarks; and

I. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (H), above.

2. Directing that Defendants deliver up for destruction to Plaintiff all unauthorized products and advertisements in their possession or under their control bearing any of Plaintiff's Bedat Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

3. Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving any erroneous impression that any products manufactured, sold or otherwise circulated or promoted by Defendants are authorized by Plaintiff or related in any way to Plaintiff's products.

4. Requiring Defendants to pay to Plaintiff such damages as Plaintiff has sustained as a consequence of Defendants' infringement of Plaintiff's Registered Trademarks and unfair competition and to account for all gains, profits and advantages derived by Defendants from the sale of their infringing merchandise bearing the Bedat Trademarks and that the award to Plaintiff be trebled as provided for under 15 U.S.C. § 1117; alternatively, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117 (c) of up to $1,000,000 for each trademark per type of goods sold that Defendants have willfully counterfeited and infringed.

5. Ordering that Plaintiff recover the costs of this action together with reasonable attorneys' and investigators' fees and prejudgment interest in accordance with 15 U.S.C. § 1117.

6. Directing that this Court retain jurisdiction of this action for the purpose of enabling Plaintiff to apply to the Court at any time for such further orders and interpretation or execution of any order entered in this action, for the modification of any such order, for the enforcement or compliance therewith and for the punishment of any violations thereof.

7. Awarding to Plaintiff such other and further relief as the Court may deem just and proper, together with the costs and disbursements which Plaintiff has incurred in connection with this action.

<div style="text-align:center">BEDAT & CO., LLC</div>

By its Attorneys,

BURNS & LEVINSON LLP

By: *[signature]*

Mark Schonfeld (BBO # 446980)
Burns & Levinson LLP
125 Summer Street
Boston, MA 02110
(617) 345-3000

Dated: September 1, 2004

J:\Docs\25495\00010\00850795.DOC

AO 120 (Rev. 2/99)

| TO: Commissioner of Patents and Trademarks Washington, DC 20231 | REPORT ON THE FILING OR DETERMINATION OF AN ACTION REGARDING A PATENT OR TRADEMARK |
|---|---|

In Compliance with 35 § 290 and/or 15 U.S.C. § 1116 you are hereby advised that a court action has been filed in the U.S. District Court ___Massachusetts___ on the following ☐ Patents or ☐ Trademarks:

| DOCKET NO. | DATE FILED | U.S. DISTRICT COURT District of Massachusetts |
|---|---|---|
| PLAINTIFF Bedat & Co., LLC | | DEFENDANT Replicadiscount.org, Quality Bargains, Inc., Thomas Colucci and Various John Does |

04 11905 RCL

| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
|---|---|---|
| 1  75,336,546 | 9/21/99 | Bedat & Co Geneve |
| 2  75,330,998 | 3/23/99 | Swiss A.O.S.C. |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following patent(s) have been included:

| DATE INCLUDED | INCLUDED BY ☐ Amendment  ☐ Answer  ☐ Cross Bill  ☐ Other Pleading |  |
|---|---|---|
| PATENT OR TRADEMARK NO. | DATE OF PATENT OR TRADEMARK | HOLDER OF PATENT OR TRADEMARK |
| 1 | | |
| 2 | | |
| 3 | | |
| 4 | | |
| 5 | | |

In the above—entitled case, the following decision has been rendered or judgement issued:

DECISION/JUDGEMENT

| CLERK | (BY) DEPUTY CLERK | DATE |
|---|---|---|
| | | |

Copy 1—Upon initiation of action, mail this copy to Commissioner   Copy 3—Upon termination of action, mail this copy to Commissioner
Copy 2—Upon filing document adding patent(s), mail this copy to Commissioner   Copy 4—Case file copy

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. Title of case (name of first party on each side only)    Bedat & Co., LLC v. Replicadiscount.org, et al.

2. Category in which the case belongs based upon the numbered nature of suit code listed on the civil cover sheet. (See local rule 40.1(a)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   _X_ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,   *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.      for patent, trademark or copyright cases

   ___ III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

3. Title and number, if any, of related cases. (See local rule 40.1(g)). If more than one prior related case has been filed in this district please indicate the title and number of the first filed case in this court.

4. Has a prior action between the same parties and based on the same claim ever been filed in this court?
   YES ☐   NO ☒

5. Does the complaint in this case question the constitutionality of an act of congress affecting the public interest? (See 28 USC §2403)
   YES ☐   NO ☒

   If so, is the U.S.A. or an officer, agent or employee of the U.S. a party?
   YES ☐   NO ☐

6. Is this case required to be heard and determined by a district court of three judges pursuant to title 28 USC §2284?
   YES ☐   NO ☒

7. Do all of the parties in this action, excluding governmental agencies of the united states and the Commonwealth of Massachusetts ("governmental agencies"), residing in Massachusetts reside in the same division? - (See Local Rule 40.1(d)).
   Not Applicable

   A. If yes, in which division do all of the non-governmental parties reside?
      Eastern Division ☐      Central Division ☐      Western Division ☐

   B. If no, in which division do the majority of the plaintiffs or the only parties, excluding governmental agencies, residing in Massachusetts reside?
      Eastern Division ☐      Central Division ☐      Western Division ☐

1. If filing a Notice of Removal - are there any motions pending in the state court requiring the attention of this Court? (If yes, submit a separate sheet identifying the motions)
   YES ☐   NO ☐

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME    Mark Schonfeld, Esq.
ADDRESS            Burns & Levinson, LLP  125 Summer Street, Boston, MA  02110
TELEPHONE NO.      (617) 345-3000

J:\Docs\25495\00010\00864698.DOC(

JS 44 (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Bedat & Co., LLC

**DEFENDANTS**
Replicadiscount.org, Quality Bargains, Inc., Thomas Colucci and Various John Does

**(b)** County of Residence of First Listed Plaintiff: **San Francisco**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed: **Nassau**
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Mark Schonfeld, Esq.
Burns & Levinson LLP   (617) 345-3000
125 Summer Street, Boston, MA   02110

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☒ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment / Habeas Corpus: | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare / ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Defendants are engaged in trademark counterfeiting of Bedat watches in violation of 15 USC Section 1114.

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $    CHECK YES only if demanded in complaint:  JURY DEMAND: ☐ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions): JUDGE _____    DOCKET NUMBER _____

DATE: September 1, 2004    SIGNATURE OF ATTORNEY OF RECORD: /s/ Mark Schonfeld

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____